UNION OIL CO. OF CALIFORNIA,
Plaintiff,

v.

KENNON CONST. CO., and Fidelity &
Deposit Co. of Maryland, Defendant
and Third-Party Plaintiff-Appellant,

R. E. Hunt Const. Co., and J. P. Derry-
berry, d/b/a Derryberry Const. Co.,
Third-Party Defendant-Appellee.

UNION OIL COMPANY OF CALI-
FORNIA, Plaintiff,

v.

KENNON CONST. CO., and Fidelity &
Deposit Co. of Maryland, Defendant
and Third-Party Plaintiff-Appellee,

R. E. Hunt Const. Co., and J. P. Derry-
berry, d/b/a Derryberry Const. Co.,
Third-Party Defendant-Appellant (two
cases).

Nos. 73-2191-73-2192 and 73-2193.

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1974.

Decided Aug. 28, 1974.

Gareth S. Aden, Harlan Dodson, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., for appellant.

John P. Branhan, Glasgow, Adams & Taylor, J. C. Dale, Jr., Dale & Dale, Thomas A. Higgins, W. Ovid Collins, Jr., Cornelius, Collins, Higgins & White, Nashville, Tenn., for appellee.

Before EDWARDS, MILLER and ENGEL, Circuit Judges.

EDWARDS, Circuit Judge.

These cases concern a dispute over performance of a construction contract between the owner of the project (Union Oil Co. of California), the general contractor (Kennon Construction Co. and its bonding company, Fidelity & Deposit Co. of Maryland) and two subcontractors (R. E. Hunt Construction Co. and Derryberry Construction Co.). Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. § 1332 (1970).

The cases were tried before a United States District Judge in the Middle District of Tennessee, Nashville Division, who summarized the facts succinctly in his unreported Memorandum Opinion:

"The basic background facts are that by contract dated September 18, 1968, Kennon undertook to construct for Union a truck stop in Wilson County, Tennessee, for the sum of $566,432. The defendant Fidelity and Deposit Company of Maryland executed a performance bond as surety, with Kennon as principal, conditioned to indemnify and save harmless Union from any losses, damages, etc., resulting from Kennon's failure to properly perform the construction contract.

"Among other things, the contract called for the excavation and blacktopping of a portion of the construction site which was to be utilized as a parking area and driveway. Kennon subcontracted the excavation, fill-work and sub-base preparation to third-party defendant Derryberry. The spreading of crushed stone and the paving of the driveway and parking areas was sublet by Kennon to third-party defendant Hunt.

"Construction of the facility was completed in October, 1969, and possession delivered to Union. By January, 1970, a portion of the pavement at the north end of the project (hereinafter referred to as "failed area") had begun to fail. This failure, characterized by pitting, cracking, and collapse of asphalt, occurred in that portion of the project where the surface of the site had been cut to bedrock and a portion of the bedrock had been blasted. Before paving, it had been necessary to fill in, or "backfill" this area to a specified grade elevation. This backfill is referred to in the specifications and in the nomenclature of this opinion as the "sub-base." On this sub-base was placed eleven inches of compacted rock or gravel, referred to in the specifications and in this opinion as the "base." Finally, on top of the base was placed a primer and three inches of blacktop. After the pavement failure, Union made demand upon Kennon under the contract's "Guarantee of Material and Workmanship" to replace the failed areas. Kennon refused and Union had the work done by others at a cost of $58,659. Union here sues Kennon for this amount, and Kennon seeks judgment against third-party defendants Hunt and Derryberry for any liability it may incur to Union."

The District Judge found that Kennon and its two subcontractors had disregarded the general contract specifications by employing on-site clay as backfill in the north end of the project and had failed to compact the subbase and base as required by the specifications before paving. He also found that the subsequent failure of the paving was

due to these two variances from contract specifications, and not to any inherent deficiency in the specifications themselves.

■ One of the principal fact disputes concerned Kennon's and Derryberry's contention that the clay which was admittedly used for a subbase for the paving in violation of specifications had been used as a result of the direction of Union's on-site representative, Tom Bruce. Derryberry, himself, and Kennon's superintendent, Suchman, testified that Bruce had told them to use the clay. Bruce testified positively that he had not done so and had not known that the clay was being used in place of crushed stone from a quarry which would have complied with specifications.

The critical question here is who was telling the truth and who was not. We have read the entire transcript with this conflict of evidence in mind without finding any route toward resolution of the question except the fundamental legal proposition that questions of credibility are subject to resolution by the trial judge. Pierce v. New York Central R.R., 409 F.2d 1392, 1394 (6th Cir. 1969). This transcript indicates that more witnesses testified that Bruce ordered the clay used than testified to the contrary. But the record also demonstrates conclusively that the District Judge believed Bruce was telling the truth and that appellants' witnesses, on this point, were not. We note that Bruce's job notes tend to support his testimony. Also, there is a certain inherent improbability in Bruce's giving the positive instruction which Derryberry testified to without anyone (including Kennon's superintendent) thinking to comply with the contract and get the changeorder in writing. Additionally, we note the District Judge's skepticism based on the failure of Derryberry and Suchman to remember times and dates or to present any records on the point at all. With these factors in mind, we cannot say that the District Judge's conclusion on this score was "clearly erroneous." Fed.R.Civ.P. 52(a).

This, of course, leads to affirmance of the District Court's judgment of $58,659 in favor of plaintiff Union against defendant Kennon.

■ We do not, however, find the route to decision of Kennon's third-party suits against Derryberry and Hunt to be similarly clear cut. Suchman's testimony, we believe, has to be read as acknowledgment of full knowledge and approval of Derryberry's substitution of "silty clay" for the backfill materials specified in the construction contract. Since the District Judge found this substitution to be a principal cause (if not the principal cause) of the pavement failure, we cannot justify a third-party judgment in Kennon's favor against Derryberry. Such conduct on the part of Kennon's superintendent must be held to be contributory negligence which serves to bar Kennon's recovery. Kroger Co. v. Giem, 215 Tenn. 459, 469–70, 387 S.W.2d 620, 624–625 (1964). As to Derryberry the judgment is vacated.

■ There is evidence to support the District Judge's findings that Hunt failed to perform his inspection and compaction duties. Like the District Judge, we do not believe these failures were excused by either Union's or Kennon's failure to summon Geologic Associates (testing engineers for Union) to the scene. Nor do we find conclusive evidence that Kennon knew about the Hunt omissions just referred to.

Clearly, however, the full responsibility for the failure of the pavement should not fall upon Hunt. This record seems to indicate that the first and major cause was the improper substitution of the unspecified "silty clay."

Thus the third-party judgment against Hunt must also be vacated. But in this instance the case is remanded for further proceedings, including the taking of additional testimony in order for the District Court to 1) make a finding as to whether or not under the total circumstances then known by Kennon, Kennon *should* have known of the faulty compaction and Hunt's failure to inspect

and discover same; and 2) (if the District Court answers that question in the negative) make a division of responsibility for the pavement failure between that portion of damage caused by the substitution of improper backfill material and that portion of damage caused by Hunt's failures to inspect and compact.

The judgment of the District Court in favor of plaintiff Union against defendant Kennon is affirmed, with costs to plaintiff.

The judgment of the District Court in favor of third-party plaintiff Kennon against third-party defendant Derryberry is vacated and the complaint as to him is dismissed, with costs to defendant.

The judgment of the District Court in favor of third-party plaintiff Kennon against third party defendant Hunt is vacated and the case is remanded for further proceedings consistent with this opinion. Costs are to await the event.